# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VICKI BOWEN,**

    **Plaintiff,**

**-vs-**              **Case No. 6:10-cv-144-Orl-19DAB**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

    **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Remand by Vicki Bowen (Doc. No. 15, filed Feb. 26, 2010); and

2. Response in Opposition to Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support Thereof by State Farm Mutual Automobile Insurance Company (Doc. No. 18, filed Mar. 1, 2010).

### Background

On December 17, 2009, Vicki Bowen ("Plaintiff") filed the present action against State Farm Mutual Automobile Insurance Company ("Defendant") in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida seeking damages in excess of $15,000. (Doc. No. 2, filed Jan. 28, 2010.) In the Complaint Plaintiff contends that on or about October 11, 2007, Jestine S. Durham negligently operated and maintained a motor vehicle, causing it to collide with the vehicle in which Plaintiff was riding and resulting in injuries to the Plaintiff. (*Id.* ¶¶ 6, 12.) The Complaint also alleges that the Defendant issued an insurance policy to Durham that was in effect at the time of

the alleged incident and that the Defendant refuses to pay Plaintiff the full value of the claim. (*Id.* ¶¶ 7, 11.)

Defendant timely removed the case to the Middle District of Florida on grounds of diversity jurisdiction. (Doc. No. 1, filed Jan. 28, 2010.) Plaintiff now moves to remand the case to state court, claiming that the Defendant failed to establish an amount in controversy exceeding $75,000. (Doc. No. 15.) In response, Defendant maintains that taken together the nature of the alleged injuries, the medical bills, and the demand letters establish an amount in controversy in excess of $75,000. (Doc. No. 18.)

**Standard of Review**

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446. Once the case is removed, the plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). The plaintiff may also move to remand by challenging "the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2877 (2008) (construing § 1447(c)). In either case, the defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, are insufficient. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). All uncertainties concerning removal jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

When considering a timely motion to remand for improper removal, the court must look only to the evidence in the record when the motion to remand was filed.[1]

> In assessing whether removal was proper . . . , the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive.

*Lowery*, 483 F.3d at 1213-15.[2] However, there are a few exceptions to the rule that the district court must only consider the removing documents. For example, the defendant may introduce a paper showing sufficient grounds for removal that it received after filing an insufficient notice of removal but before remand is ordered. *Lowery*, 483 F.3d at 1214 n.66. In addition, a defendant may establish the amount in controversy by introducing a contract specifying the amount owed. *Id.* The district court also has the discretion to hold a hearing on the sufficiency of the removing documents. *Id.* In summary, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

---

[1] In contrast, if subject matter jurisdiction is challenged after the thirty-day period for challenging removal has lapsed, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Lowery*, 483 F.3d at 1213 n.64. This is because in such situation, "the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all." *Id.* (citations omitted) (emphasis in original).

[2] This holding was expressly limited to diversity cases. *Lowery*, 483 F.3d at 1215 n.71.

-3-

**Analysis**

A removing defendant bears the burden of proving proper federal jurisdiction. *Williams*, 269 F.3d at 1319-20. In order to meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332, the removing defendant must establish, by a preponderance of the evidence, complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332; *Leonard*, 279 F.3d at 972. The parties are completely diverse. (Doc. No. 2 ¶¶ 2-3; Doc. No. 3 ¶¶ 2-3.) Thus, the only jurisdictional issue presently before the Court is whether the Defendant satisfied the amount in controversy requirement.

Because the Plaintiff filed the Motion to Remand within thirty days of the Notice of Removal, the Court must determine if the amount in controversy is satisfied by considering only the evidence in the record at the time the Motion to Remand was filed. (Doc. Nos. 1, 15); *Lowery*, 483 F.3d at 1213 n.64. The relevant documents in the record at that time include the Complaint, the Answer, the Notice of Removal, and their respective exhibits. (Doc. Nos. 1-3.) In the Complaint, Plaintiff alleges that her damages exceed the sum of $15,000, the minimum amount in controversy required to establish jurisdiction in the state circuit court.[3] (Doc. No. 2 ¶ 1.) Therefore, the amount in controversy is not facially apparent in the Complaint, and the Court must look to the Notice of Removal and other evidence existing at the time of removal to determine if the jurisdictional amount is satisfied. *Miedema v. Maytag Corp.*, 450 F.3d 1330, 1336 (11th Cir. 2006). In the Notice of

---

[3] The Complaint further alleges that Plaintiff suffered "bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. No. 2 ¶ 12.)

Removal, Defendant includes as exhibits: (1) medical bills; (2) a narrative report on Plaintiff's medical condition from Weiss, Newberry & Vliegenthart Medical Associates; and (3) Plaintiff's written demand letters requesting a $100,000 settlement.[4] (Doc. No. 1 at 11-51.)

Plaintiff contends that Defendant has not establish, by the preponderance of the evidence, that the amount in controversy exceeds $75,000 due to the general nature of Plaintiff's allegations of damages and the absence of any specified amount of damages. (Doc. No. 15.) Plaintiff also maintains that, although she was billed over $75,000 for medical treatments, she is not permitted to recover the full amount because the bills were paid by Medicare and Medicaid. (*Id.* at 4.) In response, Defendant argues that the nature of the Plaintiff's injuries, the demand letters, and the medical bills are sufficient to satisfy the jurisdictional requirement. (Doc. No. 18.)

Under Florida law, a party is not entitled to recover the difference between the amount paid by Medicare or Medicaid and the amount charged by medical providers. Fla. Stat. § 768.76(1) (2010); *Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 960 (Fla. 2d DCA 2004); *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547, 550 (Fla. 4th DCA 2003). Instead, a party is entitled to recover only the amount actually paid by Medicare or Medicaid. *See Lasky*, 868 So. 2d at 550 (finding that as a matter of law a defendant will never be required to pay the difference between the amount charged by the provider and the amount paid by Medicare because the provider is required to accept the amount paid by Medicare in full satisfaction of the total charge). Thus, in the present

---

[4] The demand letters also allege that the Plaintiff suffered "bulging C3-4 and C5-C6 disc with straightening of the normal curve; left shoulder AC impingement on rotator cuff with left shoulder pain, bulging L2-3 disc; herniated disc L4-5; large herniated disc T11-12 and bulging disc T8-T9; right hip pain, rule out tear; closed head injury with increased headaches; tremors to the head; seizures; QEEG of the brain is abnormal revealing brain injury." (Doc. No. 1-F.)

case, Plaintiff would not be entitled to recover for the full amount of her alleged medical bills, $78,289.31. Instead, Plaintiff would only be entitled to recover the amount actually paid by Medicare or Medicaid, $20,012.45.

Notwithstanding the fact that Plaintiff is only entitled to recover $20,012.45 in past medical bills, Defendant has still met its burden of establishing by a preponderance of the evidence an amount in controversy in excess of $75,000. The demand letter states unequivocally, "[i]t is our opinion that a reasonable settlement value for Vicki Bowen's claim for bodily injuries, impairments, damages, and losses is well in excess of the policy limits [$100,000], for which we hereby make demand." (Doc. No. 1-48.) Such letter has been held to constitute "legally certain evidence that Plaintiff seeks damages in excess of $75,000." *Lazo v. US Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008) (citing *AAA Abachman Enters., Inc. v. Stanley Steemer Intern., Inc.*, 268 F. App'x 864, 866-67 (11th Cir. 2008)).[5] Furthermore, Plaintiff alleges permanent bodily injury including a 20% physical impairment, daily seizes, and brain damage. (Doc. No. 1 at 47-51.) Plaintiff, at age 37, also seeks to recover for pain and suffering, loss of earnings, mental anguish, loss of ability to earn money, and loss of capacity for enjoyment of life. (Doc. No. 2 ¶ 12.) Finally, while the Plaintiff "had the opportunity to provide evidence that her damages did not exceed $75,000.00, [she] did not do so." *Abachman*, 268 F. App'x at 866. Accordingly, the Court concludes that the Defendant has met its jurisdictional burden of establishing an amount in controversy in excess of $75,000.

---

[5] In *Abachman*, the Eleventh Circuit relied on plaintiff's demand letter seeking more than $75,000 in damages to establish federal jurisdiction. *Abachman*, 864 F. App'x at 866-67. In *Lazo*, the court relied on an affidavit supplied by defendant attesting to a verbal settlement discussion with plaintiff's counsel. *Lazo*, 2008 WL 926430, at *4.

**Conclusion**

Based on the foregoing, the Motion to Remand by Vicki Bowen (Doc. No. 15, filed Feb. 26, 2010) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 28 , 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties